EUGENE C. BATES ET AL.

v.

THE GREAT WESTERN TELEGRAPH COMPANY ET AL.

*Practice—Interlocutory Decree—Bill to Set Aside—Multiplicity of Suits.*

An original bill will not lie to review an interlocutory decree.

[Opinion filed January 22, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. George L. Paddock and William C. Niblack, for appellants.

Mr. Thomas J. Sutherland, for appellees.

Gary, P. J. This is a bill filed by the appellants to set aside, or declare inapplicable as to them, an interlocutory decree of the Circuit Court, made in another suit, pending on the chancery side of that court, whereby a receiver of the assets of the appellees was authorized to collect from the stockholders of that corporation, part of their unpaid subscription for stock.

The Circuit Court sustained a demurrer to their bill, and dismissed it for want of equity. Whether the appellants or any of them (they are thirty-four in number) are in the category of persons to be affected by the interlocutory decree, is an open question for them when the receiver sues them.

Whether the Circuit Court ought to have made such an interlocutory decree or not, can not be made the subject of an original bill. The stockholders, though not parties by name to the former suit, are yet in such a relation to it, that if the interlocutory decree was improvidently made, they might, by petition in the cause, apply to the court to modify or vacate it. Ward v. Farwell, 97 Ill. 593, 618; Upton v. Hansboro, 3 Bissell, 417, 426; Sanger v. Upton, 91 U. S. 56, 59; High on Receivers, Sec. 262. But an original bill, which is in the nature of a review, lies only after a final decree. Story's Eq. Pl., Secs. 408, 421. It would be a singular state of things that a decree, not appealable, should be revised, and the effect of an appeal obtained by an independent suit. The bill is not sustainable on the ground that a multiplicity of suits is to be prevented. There is no joint or common interest in the complainants.

Stockholder or not stockholder, with subscription partly unpaid or not, is an individual question with each complainant, as much as if the receiver held the several promissory notes of the complainants. The bill was rightly dismissed, and the decree is affirmed.                    *Decree affirmed.*

Judge Garnett takes no part in this decision.